(No. 2795—

BENZOLINE MOTOR FUEL COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1936.*

KIRKLAND, FLEMING, GREEN & MARTIN, for claimants.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the stipulation of facts filed in this cause it appears:

1. That pursuant to the provisions of the Motor Fuel Tax Act of 1927, the claimant, as a distributor of motor fuels, collected from certain of its customers, a tax of two cents per gallon for the motor fuel sold to them during the month of January, 1928; that the name and address of each person from whom the tax was collected, the number of gallons sold to, and the amount collected from each such person, is as follows, to wit:

| Name | Address | Gallons | Tax Collected |
|---|---|---|---|
| Beloit Dairy Co. | 218 W. Chestnut St. | 3,379 | $ 67.58 |
| N. L. Litchfield | 1419 N. Wells St. | 6,706 | 134.12 |
| Pellar Pie Co. | 3659 W. Harrison St. | 8,295 | 165.90 |
| Parmelee Co. | 730 Quincy St. | 26,951 | 539.02 |
| Deppe Baking Co. | 1015 Willow St. | 2,478 | 49.56 |
| General Motors Truck Co. | 1700 Pershing Rd. | 1,559 | 31.18 |
| Edmonson Bock Co. | 2855 N. Halsted St. | 1,141 | 22.82 |
| Johanna M. Gray | 6759 Bennett Ave. | 135 | 2.70 |
| Benjamin Heller | 3925 Calumet Ave. | 100 | 2.00 |
| J. Hodgkinson | 4926 Kimbark Ave. | 315 | 6.30 |
| J. L. Llewellyn | 4932 Kimbark Ave. | 180 | 3.60 |
| E. D. Weary | 5620 Blackstone Ave. | 175 | 3.50 |
| Chas. Weinfeld | 6746 Kimbark Ave. | 250 | 5.00 |
| Sheridan Laundry | 5035 N. Kedzie Ave. | 750 | 15.00 |
| Blue Seal Food Products | 6415 Wentworth Ave. | 280 | 5.60 |
| T. C. Drake | 51 E. Chicago Ave. | 120 | 2.40 |
| Contractors Service Co. | 900 W. Division St. | 1,141 | 22.82 |
| Hertz Drivurself | 5801 Dickens Ave. | 25,867 | 517.34 |
| Chicago Motor Coach | 4711 Ravenswood Ave. | 273,695 | 5,473.90 |
| Yellow Cab Co. | 57 E. 21st St. | 852,643 | 17,052.86 |
| Wm. Cooper & Nephews | 1909 Clifton Ave. | 5,827 | 116.54 |
| | | 1,211,987 | $24,239.74 |

2. That the amount of the tax so collected, to wit, $24,239.74, together with the sum of $29.16 covering the tax on fuel used by claimant's own filling station, making a total of $24,268.90, was remitted under protest by claimant to the Department of Finance of the respondent.

3. That such money was received by A. C. Bollinger, as Director of the Department of Finance of the respondent, subject to the provisions of Section 2a of "An Act in Relation to the Payment of Public Money of the State into the State Treasury."

4. That within thirty days after making such payment to the Director of the Department of Finance as aforesaid, claimant filed its bill in the Circuit Court of Sangamon County, in accordance with the provisions of the aforementioned Act of the General Assembly, to restrain said Bollinger as Director of Finance from depositing such money with the State Treasurer.

5. That a temporary injunction was duly issued in accordance with the prayer of such bill, and said Director of Finance was restrained from disposing of said sum, or any part thereof, and from paying the same, or any part thereof, into the State Treasury; and was further required to hold the same pending the further order of said court.

6. That upon the hearing in said cause, in said Circuit Court, a decree was entered dismissing the bill for want of equity; that claimant perfected an appeal from such order to the Supreme Court of Illinois; that the aforementioned injunctional order remained in force pending the final disposition of the case upon such appeal.

7. That the Supreme Court of Illinois reversed the decree of said Circuit Court of Sangamon County and remanded the cause to such court with directions to ascertain the character of the fund litigated, and in whose custody it then reposed, to determine the extent of the liability therefor of the Director of Finance, and his successors in office, and to make such other findings and orders in relation thereto as the circumstances might require and to the court should seem proper, including a final decree ordering repayment to the claimant of the sum to which it was entitled.

8. That at the time of the payment of said tax by the claimant to the Department of Finance as aforesaid, the Department of Finance maintained two banking accounts in which it deposited motor fuel tax receipts before the transmittal thereof to the State Treasurer; that one of such accounts was in the First Trust and Savings Bank of Kankakee (hereinafter referred to as "First Trust") and the other was in the Ridgely-Farmers State Bank of Springfield, Illinois (hereinafter referred to as "Ridgely Bank.")

9. That on February 24th, 1928 said Director of Finance deposited in said First Trust, the aforementioned sum of $24,268.90 so paid to him by claimant as aforesaid, together with the further sum of $144,544.81, being the amount of

fuel tax paid by six other distributors; that the amount of the fuel tax so paid by the claimant to the Director of Finance as aforesaid, remained on deposit in said First Trust until July 5th, 1932.

10. That certain other distributors whose motor fuel tax was deposited in said First Trust as aforesaid also obtained injunctions restraining the deposit into the State Treasury of the tax so paid by them.

11. That at the time of the deposit in the First Trust, of the amount of the tax paid by the claimant as hereinbefore set forth, the Director of Finance had on deposit in the Ridgely Bank the sum of $454,341.03, being motor fuel tax collections received from various distributors, and held by him, pursuant to injunctional orders similar to the order procured by the claimant; that said balance remained intact in said Ridgely Bank until September 17th, 1930.

12. That in January, 1929 said A. C. Bollinger was succeeded as Director of Finance by Garrett DeF. Kinney who was thereupon substituted in place and stead of said Bollinger on said bank accounts.

13. That between July 23d, 1930 and July 9th, 1932, all of the aforementioned injunction proceedings except the suit of this claimant, were either dismissed or determined in favor of the respondent; that as said several injunction proceedings were dismissed or determined in favor of the respondent, the several amounts of money involved therein, were withdrawn and paid into the State Treasury; that in making such payments into the State Treasury as aforesaid, the said Garrett DeF. Kinney, then Director of Finance, withdrew funds from said First Trust and from said Ridgely Bank indiscriminately, instead of withdrawing from said First Trust the funds which had been deposited therein, and which were thereafter released pursuant to the order of court; and withdrawing from said Ridgely Bank the funds which had been deposited therein, and were thereafter released pursuant to the order of court; that as a result of such action on the part of the Director of Finance, all of the money which had been deposited in said First Trust was withdrawn by said Director of Finance and deposited in the State Treasury; and the amount of the fuel tax paid by the claimant herein, to wit, $24,268.90, remained on deposit in the Ridgely Bank.

14. That on December 29th, 1932 said Ridgely Bank was closed by the Auditor of Public Accounts of the State of

Illinois; that said bank is now in process of liquidation, and William L. O'Connell, is the present receiver for said bank.

15. That on September 6th, 1933 respondent filed a claim for preference in payment of said deposit of $24,268.90; that thereafter an order was entered in the Circuit Court of Sangamon County allowing said claim as a preferred claim in the amount of $24,268.90, and ordering said receiver to pay the same in due course of administration.

16. That on August 23d, 1935 the Circuit Court of Sangamon County entered an order in the aforementioned cause of this claimant against the respondent herein, finding that the funds of the claimant in the amount of $24,268.90 had been paid into the Treasury of the State of Illinois by said Garrett DeF. Kinney as Director of Finance, in violation of the injunctional order of said court, and further finding that claimant is entitled to repayment of said money from the respondent herein.

17. That thereafter, to wit, on December 14th, 1935, said receiver paid to the respondent the said sum of $24,268.90.

From the foregoing stipulation of facts, it appears that the motor fuel tax so paid by the claimant as aforesaid was paid under protest; that within thirty days after the making of such payment, claimant filed a bill in chancery to restrain the payment of such money into the State Treasury, in accordance with the requirements of the statutes of this State; that a restraining order was issued on said bill; that the Director of Finance of the respondent violated the terms of such injunctional order by removing said funds from said First Trust; that if said funds had been permitted to remain in said First Trust until the final termination of the injunction proceedings commenced by the claimant in the Circuit Court of Sangamon County, as aforesaid, such funds would have been returned directly to the claimant pursuant to the order of the Circuit Court of Sangamon County; that as the result of the preference claimed and obtained by the respondent as a creditor of the Ridgely Bank, the respondent has obtained the sum of $24,268.90 to which it is not entitled, and which rightfully belongs to the claimant.

Claimant has not been guilty of any delay in connection with the matter, but on the contrary has been most prompt and energetic in asserting its rights; it has prosecuted its

injunction proceedings with effect, and the only reason it has not received its money is because the Director of the Department of Finance of the respondent violated the injunctional order of the Circuit Court of Sangamon County, and withdrew the money on deposit in said First Trust without any authority therefor.

Under the facts and the law, claimant is clearly entitled to a refund of the motor fuel tax so paid by it as aforesaid.

The tax in question was collected by claimant from its aforementioned customers upon an agreement to the effect that claimant would pay such tax under protest to the Director of Finance, and would thereafter seek to recover the amount so paid;—and in the event of such recovery, would refund to said customers the amount so paid by them.

Award is therefore entered in favor of the following persons, firms and corporations, and in the following amounts, to wit:

| | |
|---|---:|
| Benzoline Motor Fuel Company, for the use of Beloit Dairy Co..$ | 67.58 |
| Benzoline Motor Fuel Company, for the use of N. L. Litchfield.. | 134.12 |
| Benzoline Motor Fuel Company, for the use of Pellar Pie Co.... | 165.90 |
| Benzoline Motor Fuel Company, for the use of Parmelee Co...... | 539.02 |
| Benzoline Motor Fuel Company, for the use of Deppe Baking Co. | 49.56 |
| Benzoline Motor Fuel Company, for the use of General Motors Truck Co.................................................. | 31.18 |
| Benzoline Motor Fuel Company, for the use of Edmonson Bock Co. ...................................................... | 22.82 |
| Benzoline Motor Fuel Company, for the use of Johanna M. Gray. | 2.70 |
| Benzoline Motor Fuel Company, for the use of Benjamin Heller. | 2.00 |
| Benzoline Motor Fuel Company, for the use of J. Hodgkinson... | 6.30 |
| Benzoline Motor Fuel Company, for the use of J. L. Llewellyn... | 3.60 |
| Benzoline Motor Fuel Company, for the use of E. D. Weary..... | 3.50 |
| Benzoline Motor Fuel Company, for the use of Chas. Weinfeld... | 5.00 |
| Benzoline Motor Fuel Company, for the use of Sheridan Laundry. | 15.00 |
| Benzoline Motor Fuel Company, for the use of Blue Seal Food Products ................................................ | 5.60 |
| Benzoline Motor Fuel Company, for the use of T. C. Drake...... | 2.40 |
| Benzoline Motor Fuel Company, for the use of Contractors Service Co.................................................... | 22.82 |
| Benzoline Motor Fuel Company, for the use of Hertz Drivurself.. | 517.34 |
| Benzoline Motor Fuel Company, for the use of Chicago Motor Coach .................................................. | 5,473.90 |
| Benzoline Motor Fuel Company, for the use of Yellow Cab Co.... | 17,052.86 |
| Benzoline Motor Fuel Company, for the use of Wm. Cooper & Nephews ............................................... | 116.54 |
| Benzoline Motor Fuel Company ............................... | 29.16 |
| Total ................................................. | $24,268.90 |